**GIBSON DUNN**

Jason Myatt
Partner
T: +1 212.351.4085
M: +1 212.203.6309
jmyatt@gibsondunn.com

April 27, 2026

BY ECF

The Honorable Margaret M. Garnett
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:     *Cardno ME Limited v. Central Bank of Iraq*, Case No. 1:26-cv-00052—Letter Further to
        March 3, 2026 Conference

Dear Judge Garnett:

We act as counsel for Petitioner Cardno ME Limited ("CME"). We write in response to the Court's request, made at the March 3, 2026 conference (the "Conference"), that CME provide an update on how it intends to proceed should Respondent, the Central Bank of Iraq ("CBI") fail to appear.  As detailed below, despite being aware of the pendency of this action, the CBI has neither appeared nor contacted Petitioner to discuss an extension or other accommodation with respect to the CBI's time to respond.  Accordingly, CME could seek a certificate of default from the Clerk of Court and proceed to file its motion for default judgment.  However, because CME is still working to obtain a copy of the physical signature of the CBI representative that signed for CME's service package, out of an abundance of caution, CME has asked the Clerk of Court to reinitiate service.

## I.     The CBI Has Not Appeared

The CBI was served on February 10, 2026.  ECF No. 17.  Under 28 U.S.C. § 1608(d), the CBI's response was due within 60 days after service.  But, despite having been served 75 days ago, and its April 9, 2026 deadline to respond having passed, we remain unaware of any counsel having been appointed by the CBI for this matter.  As the Court is aware, CME's filing of its Petition was reported in various legal press, including on Law.com (https://bit.ly/45wCcLX), and the global research platform, JusMundi (https://bit.ly/4pVRaT3), and we have contacted the CBI's counsel in France (both arbitration counsel and appellate counsel) and the Netherlands and have provided them with materials relating to this action.  ECF No. 18.  The only response CME has received was an email from French appellate counsel—implicitly indicating an awareness of this action—stating that their engagement was limited to appellate proceedings in Paris.[1]  ECF No. 18.

---

[1] At the time of the Conference, it was unclear whether the CBI would prosecute its appeal of the rejection of its challenge to the Award.  On April 22, 2026—the day before CME was due to move to strike the appeal due to the CBI's failure to pay Court-ordered costs—the CBI remitted payment of the €200,000 owed.  Accordingly, CME instead filed an opposition to the appeal.  The pendency of the appeal should not impact this action.  France has already recognized the Award, and under French law, the CBI's appeal has no effect on the Award's enforceability.  ECF Nos. 1, ¶¶ 45, 47; ECF No. 6-12 (Art. 1526 of the French Code of Civil Procedure).

## II.    CME Is In The Process of Re-Executing Service

As the Court is aware, CME previously requested that the Clerk of Court serve CBI via FedEx, pursuant to 28 U.S.C. § 1608(b)(3)(B).  The Clerk dispatched the papers as requested, and FedEx provided proof of delivery. ECF Nos. 13, 17-1.  However, while the proof of delivery provides the name of the CBI representative who signed for the package—"M. Muthana"—at the same time, it states that "no signature is available."  ECF No. 17-1.  CME has been in communication with FedEx in the hope of obtaining the signed delivery receipt but has not yet obtained it.[2]

CME is confident that the service package was successfully delivered and the CBI has actual notice of these proceedings.  Indeed, CME understands that the CBI has acknowledged the existence of this proceeding in communications concerning the underlying dispute in Baghdad.  However, in the hope of avoiding potential disputes as to the effectiveness of service following entry of default, CME has elected to follow the conservative course of re-executing service.  Accordingly, CME has provided the Clerk of Court with another copy of the service package and asked that it re-serve the CBI in an effort to ensure that CME holds a signed delivery receipt.  CME hopes that service will be completed within the next few weeks.  In the meantime, CME will continue working to obtain the signature for the prior service package from FedEx.

\* \* \*

CME will file proof of service as soon as it is available. If CME is able to obtain the signature for the proof of delivery of the original service package on the CBI in Baghdad, it will promptly request a Certificate of Default and proceed to seek entry of a default judgment.  Alternatively, should the CBI continue to refuse to appear in this action following the re-execution of service, once the CBI's time to respond to the re-served complaint has run, CME will proceed to request a Certificate of Default from the Clerk of Court and propose a briefing schedule for entry of a default judgment.

Respectfully submitted,

/s/ *Jason W. Myatt*

Jason W. Myatt

---

[2] Despite providing customers the option of requesting a signed receipt, CME understands that FedEx, one of the courier services recommended by the Clerk of Court, does not guarantee that such receipts will in fact be obtained and imaged for international deliveries. Nor do the other services recommended by the Clerk, *i.e.*, UPS and DHL, which similarly allow senders to request a signed receipt, but do not guarantee they will be obtained for international deliveries, as signature services are destination-dependent and subject to local delivery conditions.