USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARDNO ME LIMITED,

Petitioner,

-against-

CENTRAL BANK OF IRAQ,

Respondent.

26-CV-00052 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an application for confirmation of an arbitration award. Petitioner is Cardno ME Limited. Respondent is the Central Bank of Iraq ("CBI"). Petitioner does not contest that the CBI is an instrumentality of a foreign state, and therefore Petitioner must serve the CBI consistent with 28 U.S.C. § 1608. Nor does Petitioner contest that, more specifically, it must serve the CBI consistent with Section 1608(b)(3). *See* Dkt. No. 12 at 1. That provision requires service by "delivery of a copy of the summons and complaint, together with a translation of each in the official language of the foreign state—(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory of request; or (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served; or (C) as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. § 1608(b)(3).

On January 23, 2026, Petitioner filed a letter stating it initiated service under 28 U.S.C. § 1608(b)(3)(B). Dkt. No. 12. At a conference on March 3, 2026, the Court flagged that it was unclear based on the proof of service Petitioner provided (*see* Dkt. Nos. 17-1, 18-1) if the form of mailing had required a signature, as Section 1608(b)(3)(B) requires. During the conference, Petitioner's counsel represented they needed time to locate a signed receipt for the mailing (or to

confirm that the mailing included a signature box) or to re-effectuate service through a new vendor. On April 27, 2026, Petitioner filed a letter informing the Court it was re-attempting service while concurrently trying to obtain the signature page from the initial service attempt. Dkt. No. 19. The Court then ordered Petitioner to file a further status update by May 28, 2026. Dkt. No. 20.

On May 26 and May 28, 2026, a "clerk's certificate of mailing" issued, showing that the papers in this action were mailed by the Clerk of Court to an address in Iraq "pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b)(3)(B)." *See* Dkt. Nos. 23 and 24 (one via DHL and one via FedEx).

Then, on May 28, 2026, Petitioner filed a letter requesting, *inter alia*, that the Court certify the most recent service attempt as "alternative service" under Section 1608(b)(3)(C). Dkt. No. 25. The letter states that the new service provider (DHL) will require a signature for delivery. The letter continues that Petitioner is confident the current service attempt will be successful but that the CBI will nevertheless "oppose execution of any future default judgment against it." *Id.* at 3. To obviate that challenge, Petitioner argues, the Court should issue an Order "approving [Petitioner]'s current service attempt as '*alternative service*' under 28 U.S.C. § 1608(b)(3)(C)." *Id.* at 1.

The motion is DENIED as premature. The documents are already in transit and the clerk's certificate of mailing, combined with counsel's representation that DHL will require a signature upon delivery, indicates that the service complies with Section 1608(b)(3)(B), at least so far. Moreover, a service attempt initiated *before* a Court order authorizing it as acceptable alternative service cannot operate "as directed" by that Order under Section 1608(b)(3)(C). And the Court cannot *ex post facto* issue an Order conforming to Petitioner's existing service attempt

so that Petitioner may later argue it effectuated service "as directed by order of the court." 28 U.S.C. § 1608 (b)(3)(C). Rather than preventing later challenges to the adequacy of service, this maneuver seems destined to invite one. Furthermore, because Section 1608(b)(3) uses a disjunctive "or," the requested order could have the effect of pre-emptively making the service already in process ineffective under Section 1608(b)(3)(B) in an ill-fated effort to make it effective under Section 1608(b)(3)(C). While the Court is sympathetic to the difficulties Petitioner anticipates regarding Respondent's litigation strategy, it appears that the more effective course is to wait and see if this latest service attempt by Petitioner successfully completes the requirements of Section 1603(b)(3)(B).

Accordingly, Petitioner's motion seeking an order permitting "alternative service" is DENIED WITHOUT PREJUDICE. Petitioner is further ORDERED to provide a status update on or before **July 17, 2026**. The status update must address (1) whether Petitioner has located signature confirmation regarding its first attempt at service; and (2) the outcome of its most recent attempts at service.

Dated: July 6, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge